UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 3:07-cr-173-J-33TEM

EDGAR OLIN RAWLS
_____/

**ORDER**

Pending before the Court are the Government's Motion for Sentence Reduction under Fed. R. Crim. P. 35(b)(the "Rule 35(b) Motion," Doc. 37) and Defendant, Edgar Olin Rawls' Response (the "Response," Doc. 38).[1]  For the reasons that follow, the Rule 35(b) Motion (Doc. 37) will be granted in part and denied in part.

Pursuant to Fed. R. Crim. P. 35(b), the Government asks the Court to grant Rawls a two-level sentence reduction, resulting in a four (4) month sentence reduction. A two-level reduction would place Rawls' sentence in the middle of the level 15 Guidelines range.

In the Response, Rawls contends that a six (6) month

---

[1] Rawls also filed his Response as a "Counter Motion" (the "Counter Motion," Doc. 39).  However, under Rule 35 only the Government is authorized to file such a motion, thus, the Counter Motion (Doc. 39) will be denied.  See United States v. Weaver, 884 F.2d 549 (11th Cir. 1989).

reduction, falling in the low end of the level 15 Guidelines range, would be more appropriate. Rawls bases his contention on the fact that he assisted the Government in two separate and distinct matters in two different districts (Doc. 38 at 2).

Rule 35(b) is the mechanism by which a district court may, on the Government's motion, reduce a sentence to reflect substantial assistance provided by the defendant to the Government after sentencing. Rule 35(b) reads, in pertinent part, that:

> **Reduction of Sentence for Changed Circumstances.** The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .

Under Rule 35(b), a court may consider a defendant's "subsequent, substantial assistance in the investigation or prosecution of another person." United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir. 1994) (internal quotation marks omitted). If the motion is filed more than one (1) year after sentencing a court may reduce a sentence, "if the defendant's substantial assistance involved . . .

information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2)(B).

The district court has great discretion in deciding whether to grant a Rule 35(b) motion and the extent of any reduction. See United States v. Manella, 86 F.3d 201, 204-05 (11th Cir. 1996). A district court may consider the § 3553(a) factors in order to refuse to grant a Rule 35(b) motion or to grant a smaller reduction than that requested by the government. Id. However, in the Eleventh Circuit, when deciding to grant a reduction, the district court may not consider any factor that may militate in favor of the reduction other than a defendant's substantial assistance. Id. at 204.

Rawls was arrested for participating in a nationwide workers' compensation insurance fraud conspiracy (the "fraud scheme"). On August 8, 2007, Rawls signed a plea agreement in which he pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, for violations of 18 U.S.C. § 1343 (Doc. 9). In the plea agreement, Rawls agreed to the immediate entry of a Personal Money Judgment in the amount of $500,000.00 and to forfeit to the Government the sum of

$250,000.00. As a result of his plea, Rawls was sentenced to a twenty-four (24) month term of imprisonment on March 27, 2008 (Docs. 27, 28).

Rawls provided information to the Government three (3) months after his sentencing (Doc. 37 at 3). The Government informs the Court that his information was useful in obtaining guilty pleas from defendants in a case from the Northern District of New York (Doc. 37). Rawls informs the Court that he also attempted to provide substantial assistance to an Assistant United States Attorney for the Northern District of Florida (Doc. 38 at 1). The Government does not dispute Rawls' claim. In addition to providing useful information, Rawls was, and remains, according to the Government, "ready, willing and able to provide testimony for the United States" (Doc. 37 at 2).

After careful consideration of the parties' positions and the applicable law, the Court finds that the six (6) month sentence reduction Rawls seeks is warranted. The Court bases its determination on the immediate, continued and substantial assistance Rawls provided to the Government. Specifically, the Court finds it compelling that shortly after his sentencing, Rawls began cooperating with the Government. Based on the Government's description of his demeanor and the

value of the information he provided, it appears that Rawls willingly provided reliable and valuable information. The Court also notes that the information Rawls provided was and continues to be of value to the Government.

Finally, the Court notes that, unlike some of the other defendants involved in the fraud scheme and related cases, Rawls has made substantial efforts to compensate the victims affected by the fraud scheme. (See Doc. 35, in which the Government released the $250,000.00 fine Rawls paid for the benefit of the victims of the fraud scheme.) Restitution is not a critical factor in the Court's analysis of the Rule 35(b) Motion; however, it is informative. In this case, it speaks to Rawls' desire to cooperate with the Government to the fullest extent possible.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) The Government's Motion for Sentence Reduction (Doc. 37) is **GRANTED in PART and DENIED in PART**. Rawls' term of imprisonment is reduced by six (6) months from the previously imposed term of twenty-four (24) months to eighteen (18) months. The Judgment (Doc. 28) shall be amended to reflect this reduction. All other terms and conditions of the Judgment are affirmed and ratified.

2) The Counter Motion (Doc. 39) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>3rd</u> day

of June 2009.

                              VIRGINIA M. HERNANDEZ COVINGTON
                                  UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record
Edgar Olin Rawls